### GAY et al. v. HUDSON RIVER ELECTRIC POWER CO. et al.

(Circuit Court of Appeals, Second Circuit. October 11, 1911.)

APPEAL AND ERROR (§ 479*)—SUPERSEDEAS—APPLICATION TO APPELLATE COURT.

Where, on appeal by a judgment creditor of a corporation from a decree foreclosing mortgages, directing a sale of the property of the corporation thereunder, and denying priority to appellant's claim, the trial court has stricken from the files a supersedeas bond filed by appellant and proceeded with the sale, but has safeguarded appellant's rights, in

case it should prevail on the appeal, the appellate court will not interfere to suspend proceedings in the court below, which would jeopardize the rights of some of the parties.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 479.*]

Appeal from the Circuit Court of the United States for the Northern District of New York.

Suit in equity by Eben H. Gay and another against the Hudson River Electric Power Company and others. From a decree (190 Fed. 773), the National Contracting Company appeals. On petition by appellant for a supersedeas or other writ to suspend the execution of the decree pending the appeal. Denied.

L. Laflin Kellogg (Kellogg & Rose, of counsel), for National Contracting Co.

Charles E. Hotchkiss (Davies, Stone & Auerbach, of counsel), for Knickerbocker Trust Co.

Before COXE and WARD, Circuit Judges.

PER CURIAM. This is a petition of the National Contracting Company, asking this court, by a writ of prohibition, supersedeas, or other appropriate writ, to suspend the execution of a decree of foreclosure in the Circuit Court, or the delivery of a deed in pursuance of a sale thereunder, until the decision of its appeal from said decree.

The initial mistake was in not procuring the approval of the bond from the same judge who signed the order. The result is a complication of difficulties, which cannot be remedied without jeopardizing the interests of some of the parties. The Circuit Judge ordered the supersedeas dissolved and the bond stricken from the files of the court, without giving any reason for his action. He may have thought that the District Judge of the Southern District of New York, assigned to hold court in the Northern District, had no authority to approve the bond outside the Northern District, and he may have set it aside for other reasons not disclosed. The fact remains that the stay was dissolved and the property sold at a price which is said to be exceedingly advantageous. The amended decree seems to safeguard the judgment creditors' rights as satisfactorily as is possible at the present stage of the litigation. There is a serious doubt, to say the least, whether the supersedeas bond was properly approved, and we do not feel justified in holding that the proceedings under the sale are void, with the confusion and loss which such a ruling will entail.

We think the National Contracting Company, appellant petitioner, is entitled to nothing more than to be secured from any prejudice by the decree of the Circuit Court. Its interest is as a judgment creditor of the Hudson River Water Power Company, claiming to be prior to the second and third mortgages of that company, which have been foreclosed under the decree of the court below. This priority has been denied in that decree, but abundant security has been provided therein for the payment of the petitioner's judgment, if it shall pre-

vail in its appeal to this court, notwithstanding that the deed of sale be delivered; in other words, the execution of the decree has been stayed so far as the claim of the petitioner is concerned.

The prayer of the petition is denied.